IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                        CV 16-770 MV/WPL
                                                        CR 08-2647 MV

DAVID P. ONTIVEROS,

        Defendant/Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

David Ontiveros filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc 106).[1] Ontiveros challenges the validity of his sentence on the basis that he was unconstitutionally sentenced under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), which was found to be unconstitutionally vague in *Johnson v. United States*, --- U.S. ---, ---, 135 S. Ct. 2551, 2563 (2015). At the time of sentencing, the Court found that Ontiveros had at least three prior felony convictions that qualified as predicate offenses under the ACCA, rendering him a career criminal subject to additional penalties.

Pursuant to *Mathis v. United States*, --- U.S. ---, ---, 136 S. Ct. 2243, 2256 (2016), the Court must reconsider the underlying convictions to determine whether they qualify as predicate offenses under the ACCA. Although Ontiveros does not make the argument, the United States concedes that Ontiveros's prior conviction in Texas for burglary of a habitation is no longer a "violent felony," for ACCA purposes, pursuant to *Mathis*.

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 16-770 MV/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 08-2647 MV. Documents filed in both cases are cited by reference to the corresponding document in the civil case.

Ontiveros argues that his three other convictions – New Mexico convictions for aggravated battery, aggravated assault, and robbery – no longer qualify under the ACCA. The United States asserts that, even if these three convictions continue to qualify, the robbery and aggravated assault convictions arose in the same case, rendering these convictions only one qualifying offense. The ACCA requires that the three prior convictions for qualifying offense be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Accordingly, it is not necessary, at this time, to determine whether any of the New Mexico convictions remain qualifying predicate offenses for the ACCA because these convictions amount to only two qualifying offenses. Either way, Ontiveros is entitled to his requested relief.

Ontiveros no longer has three predicate felonies to form the basis for an ACCA finding. The parties agree, although for different reasons, that Ontiveros should be resentenced. (Doc. 1 at 10; Doc. 7 at 11.) I recommend that the Court grant Ontiveros's motion under 28 U.S.C. § 2255, vacate his sentence, order an updated presentence report, and set this case for resentencing as soon as possible.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

                                                          */s/ William P. Lynch*
                                                   WILLIAM P. LYNCH
                                                   UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.